# Exhibit 1

# CAUSE NO. ʳ48 283079 16

| | | |
|---|---|---|
| ALTON ALEXIS | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff* | § | |
| vs. | § | TARRANT COUNTY,TEXAS |
| | § | |
| NATIONSTAR, MORTGAGE, LLC | § | |
| And | § | |
| FIRST HORIZON NATIONAL | § | |
| CORPORATION, | § | |
| A DIVISION OF FIRST | § | |
| TENNESSEE BANK NATIONAL | § | |
| CORPORATION | § | |
| | § | |
| *Defendants* | § | _____JUDICIAL DISTRICT |

FILED
TARRANT COUNTY
2016 JAN -5 AM 10: 41
THOMAS A. WILDER
DISTRICT CLERK

### PLAINTIFF ALTON ALEXIS ORIGINAL PETITION
### APPLICATION FOR PERMANENT INJUCTION AND REQUEST FOR DISCLOSURE

Plaintiff Alton Alexis ("Plaintiff or ALEXIS") files this Original Petition complaining of Defendant Nationstar Mortgage, LLC and First Horizon National Corporation ("Defendants or NSM and FHNC"), and respectfully show as follows:

### I.DISCOVERY CONTROL PLAN

1.Alexis intends to conduct discovery According to the Texas Rules of Civil Procedure (Level 3) as set forth in Texas Rule of Civil Procedure 190.3.

### II.NATURE OF THIS SUIT

2.The Alexis' brings this lawsuit against the defendant for violations of the Texas Deceptive Trade Practices-Consumer Protection Act, Tex.Bus.& Com.Code ANN. §17.41, et seq.

---

(hereinafter "DTPA") and for violations of the Texas Debt
Collection Act, Tex. Fin. CODE ANN. §392.001, et seq.
(hereinafter "TDCA") the federal bankruptcy code Automatic stay,
and the fair credit act ("FCRA").

### III. PARTIES

3. The Plaintiffs is an individual that reside in Tarrant
County, Texas at 7020 Shadow Creek Court, Fort Worth, Texas.

4. Defendant is a Texas servicing agent for The Bank of New York
Mellon f/k/a The Bank of New York, as Trustee for holder of the
certificates, First Horizon Mortgage Pass-Through Certificates
Series FHASI 2003-10, by First Horizon Home Loans, a division of
First Tennessee Bank National Corporation, Master Servicer, in
its capacity as agent for the Trustee under pooling and
Servicing Agreement and is duly authorized to transact business
in the State of Texas whose principal office is in Dallas County
at 305 Highland Drive, P.O. Box 630348 Lewisville, Texas, and
may be served with process by serving its registered agent,
Corporation Service Company, 211 E. 7th Street, Suite 620,
Austin, Texas 78701 and First Horizon National Corporation whose
principal office is in Shelby County at 165 Madison Ave.
Memphis, Tennessee, and may be served with process by serving
its registered agent, Clyde A. Billings Jr., 165 Madison Ave.
Memphis, Tennessee 38103-2723 USA.

### IV. JURISDICTION

5. This Court has jurisdiction over this action pursuant to §17.47(b) of the DPTA and Tex. Fin. CODE.ANN. §392.403.

### V. VENUE

6. Venue of the this suit lies in Tarrant County, Texas for the following reasons:

A.
Under TEX. CIV. PRAC. & REM. CODE ANN. §15.002(a)(1) venue is proper because a substantial part of the events or omissions giving rise to Plantiff's claim alleged herein occurred in Tarrant County, Texas.

B. Under the DTPA §17.56(b)(2), venue is proper because Defendants and its authorized agents solicited transactions made the subject of the action at the resident in Tarrant County, Texas.

C. Under the DTPA §17.47(b), venue is proper because Defendants has done business in Tarranty County, Texas.

### VI. PUBLIC INTEREST

7. Plaintiff, the Alexis', has reason to believe that Defendant is engaging in, has engaged in, or is about to engage in, the unlawful acts or practices set forth below; that Defendant has by means of these unlawful acts and practices, caused damage to or acquires money or property from persons, and that Defendant adversely affects the lawful conduct of that trade and commerce, thereby directly or indirectly affecting the people of this

State. Therefore, the Alexis' believes and is the opinion that these proceedings are in the public interest.

## VII. TRADE AND COMMERCE

8. Defendant has, at all times described below, engaged in conduct which constitutes "trade" and "commerce" as those terms are defined by §17.45(6) of the DTPA.

## VIII. ACTS OF AGENTS

9. Whenever in this petition it is alleged that Defendant did any act, it is meant that Defendant performed or participated in the act, or that the officers, managers, agents or employees of Defendant performed or participated in the act on behalf of and under the authority of Defendant.

## IX. FACTUAL ALLEGATIONS

9.1 Defendant is a loan servicing company. Defendant describes its business as follows:

Nationstar Mortgage, Inc. (NSMI) provides services to homeowners and loan investors. Weather a borrow holds a traditional, Alt A, payment option or subprime loan, our highly trained experts are committed to providing high level of service as they work to address each customer's need. Similarly, they carefully manage the loan portfolios of investors, giving them the attentive service that they appreciate.

Nationstar Mortgage, Inc. is based in Lewisville, Texas, with servicing operations throughout the United States founded by the Fortress Investment Group, LLC. based in New York, and hold membership in the Mortgage Bankers Association and the HOPE NOW

Alliance. Differentiated by a focus on creative solutions and innovative ideals, the company credits its success to a talented team who do the best possible job for it customer.

A higher level of mortgage services, a higher lever of customer satisfaction.

Personalized attention is the cornerstone of there approach to mortgage services. They spend time getting to know you and understanding your situation and financial needs. Then create individual solutions walk you through your options and guide you through every step of the lending and servicing process.

9.2 As a home mortgage "servicer", Nationstar Mortgage is a debt collector under the provisions of the TDCA. It collects mortgage payments from consumers and pays them to the investors who own the loans.  In this case First Horizon Home Loan. Nationstar's employees, agents and/or representatives have violated the provisions of the TDCA by:

    A. Failing to properly credit the Alexis' for payments made;

    B. Using false claims that Alexis' did not make payments in order to justify the imposition of late fees and the establishment of escrow accounts;

    C. Failing to timely post the Alexis' payments;

    D. Making payments for taxes on the Alexis' home when the Alexis' had already paid the taxes.

    E. Receiving payments from the Alexis' and posting as fees instead of payments toward Alexis'' account.

    F. Refusing to accept proper payments from the Alexis' allegedly because the Alexis' is in default and the

payment is not large enough to cure the alleged default, thereby causing more late charges to be added;

G. Repeatedly sending dunning letters;

H. Repeatedly sending fraudulent tax statements to the IRS for the years 2011, 2012, 2013, 2014 and 2015;

I. The cumulative effect of Nationstar Mortgage violations of the TDCA is to render homeowners ostensibly in default under their home loans. This triggers Nationstar Mortgage obligation owed to the investors under its agreement with them to initiate and conduct foreclosure of the homes.

9.3  Among the services Nationstar Mortgage offers to consumers are various loan modification programs. In describing its "Homeowner Assistance Program" Nationstar Mortgage states:

...The Nationstar Mortgage Assistance Program is:

... Empower- to work things out directly with the borrow and make recommendations for approval.

Compassionate...they know the importance of homeownership and they want to help people get through their difficulties as successfully as possible.

Through the various modification or refinance programs, Nationstar Mortgage promises consumers that they can apply for loan modification program and in some cases are eligible for cessation of the foreclosure process and other benefits. However,

A. Contrary to the provisions of some of the loan

B. modification programs, Nationstar Mortgage insisted that Alexis' bring the loan current prior to becoming

eligible.

C. Contrary to the above described professions of efficiency
and compassion, Nationstar Mortgage has, on numerous
occasions, agreed to receive the Alexis' modification
applications, including financial statements, wage
records, tax returns and other documents, by email, fax
or by certified mail, and then has lost or claims not to
have received such despite the proofs of receipt held by
the Alexis'. Nationstar Mortgage then required the
Alexis' to resend the modification application or the
same documents they have already received, in this case
as many as three or four additional times. Then, in this
case, by the time Nationstar Mortgage acknowledges
receipt of the application, it claims the information is
stale and required the Alexis' to resubmit the
application and all documents.

D. Alexis' complain of never speaking to the same
representative twice, in spite of Nationstar Mortgage
claim that it gets to know consumers through personal
attention.

E. If the consumer's modification request is at all
unusual, the initial representative must send it to the
underwriter for approval, contrary to the claim that its
Team members are empowered to work out problems directly
with the consumer.

F. NAtionstar Mortgage loan "modification" that did nothing
more than add the amounts claimed to be in default to the

principal.

G. Nationstar Mortgage loan modification offered to the Alexis' did not lower the Alexis' monthly payments, and in this case increased it.

H. The cumulative effect of the foregoing acts and practices was to place the Alexis' home into foreclosure.

## X. TEXAS DEBT COLLECTION ACT VIOLATIONS

10. Defendant has engaged in conduct, as alleged above, in violation of the TDCA, by:

a. Making repeated or continuous telephone calls, with the intent to harass a person at the called number, as prohibited by TDCA §392.202(4);

b. Collecting or attempting to collect interest or a charge, fee, or expense is not expressly authorized by the agreement creating the obligation or legally chargeable to the Alexis', as prohibited by TDCA §392.303(2);

c. Misrepresenting the character, extent, or amount of the Alexis' debt, as prohibited by TDCA §392.304(8); and

d. Using other false representations or deceptive means to collect a debt, as prohibited by TDCA §392,.304(19).

## XI. FAIR CREDIT REPORTING ACT VIOLATIONS

11. The Alexis' made 43 consecutive payments at $5,433.61 totaling $233,645.23 which none of the payments were not credited correctly to their balance or reported to the credit bureaus, which violated the Fair Credit Reporting Act §15.U.S.C 1681 (FCRA).

## XII. AUTOMATIC STAY VIOLATIONS

12. On March 11, 2011 the Alexis' filed for chapter 7 bankruptcy protection in United States Bankruptcy Court for the Northern District of Texas, Dallas Division as a result of the bankruptcy Frist Horizon Home Loan transferred the note servicing to Nationstar Mortgage, Inc. on or around August 25, 2011. We also received many Repeatedly dunning letters from First Horizon and Nationstar Mortgage which was in violation of a Court order.
They violated the United States Bankruptcy Code 11 U.S.Code §362 the Automatic Stay protection under the bankruptcy code.
The dunning letters should stopped and the transfer should have been approved by the bankruptcy Court who had jurisdiction over that transaction.

## XIII. DTPA VIOLATIONS

13. Defendant as alleged above, has in the course of trade and commerce engaged in false, misleading and deceptive acts and practices declared unlawful in §§17.46(a) of the DTPA as follows:

    a. By misrepresenting the services of Defendant as they relate to loan modification programs, Defendant is engaging in or has engaged in acts or practices that are false, misleading, or deceptive, in violation of §17.46(a) of the DTPA;

    b. By misrepresenting the services and quality of services, and imposing requirements not allowed by the loan

modification programs described to the consumers,
Defendant is engaging in or has engaged in acts or
practices that are false, misleading, or deceptive, in
violations of §§17.46(b)(5), (7), (12) and (24) of the
DTPA; and

c. By violating the TDCA, Defendant is in violation of the
DTPA, Section §392.404 of the TDCA provides that a person
who violates the TDCA commits a false, misleading, or
deceptive act or practice within the meaning of the DTPA.

## XIV. DAMAGES

14. By means of the forgoing unlawful acts and practices,
Defendant have harmed the Alexis' As a result of Nationstar and
First Horizon failure to carry out its duty as a servicing agent
and a Mortgage Company recoding the incorrect balances, making
tax payments when taxes are already paid, adding fraudulent fees
to increase the mortgage balances making it impossible to pay
off the mortgage and the incorrect reporting amounts on its
2011, 2012, 2013, 2014, and 2015 interest statements to the IRS
caused the Alexis' to report the incorrect amount on its Federal
income tax returns resulting in damages of over $300,000 to the
Alexis'.

## XV. JURY DEMAND

15. Plaintiff demands a jury trial and tenders the appropriate
fee with this petition.

## XVI. CONDITIONS PRECEDENT

16. All conditions precedent to Plaintiff's claims for relief have been performed or have occurred.

## XVII. REQUEST FOR DISCLOSURE

17. Under Texas Rule of Civil Procedure 194, Plaintiff requests that Defendant disclose, within 50 days of the service of this request, the information or material described in Rule 194.2. Defendant's written responses to the requests for disclosure along with all copies of documents and other tangible items responsive to these requests shall be produced at the home of Alton Alexis, 7020 Shadow Creek Court, Fort Worth, Texas 76132.

## XVIII. PRAYER

18.1 Because Defendant has engaged in the lawful acts and practices described above, Defendant has violated the law as alleged in the petition. Unless restrained by this Honorable Court, Defendant will continue to violate the laws of the State of Texas and cause injury to the Alexis' and the general public.

18.2 WHEREFORE, Plaintiff prays that Defendant be cited according to law to appear and answer herein; and upon notice and hearing a PERMANNENTE INJUNCTION be issued, restraining and enjoining Defendant, its officers, agents, servants, employees and attorneys and any other person in active concert or participation with Defendant from engaging in the following acts or practices:

a. engaging in the acts and practices set forth in paragraph 9.2, in violation of the TDCA;

b. misrepresenting the services of Defendant as they relate to loan modification programs, as set forth in paragraph 9.3, in violation §17.46(a) of the DTPA;

c. misrepresenting the services, quality of services and imposing requirements not allowed by the loan modification programs described by their associates, in violation of §§17.46(b)(5), (7), (12) and (24) of the DTPA; and

d. representing, directly or by implication, that this Court, the Alexis' has approved of any goods or service sold or offered for sale by Defendant, or approved of any of Defendant's business practices.

18.3 Plaintiff, The Alexis', further prays that this Court grant leave to conduct telephone, oral, written, and other depositions of Defendant and witnesses prior to any scheduled Temporary Injunction hearing and prior to Defendant's answer date, with reasonable shortened notice to Defendant and his attorney, if known.

18.4 In addition, Plaintiff, The ALEXIS', respectfully prays that this Court will:

a. Adjudge against Defendant civil penalties in favor of Plaintiff, THE ALEXIS', in an amount not to exceed $100.00 per violation of the TDCA;

b. Adjudge against Defendant civil penalties in favor of Plaintiff, THE ALEXIS', in an amount not exceed $20,000.00 per violation of the DTPA;

c. Adjudge against Defendant civil penalties in favor of Plaintiff, THE ALEXIS', in an amount up to $250,000 allowed by law under the DTPA;

d. Order Defendant to restore all money taken from the plaintiff, THE ALEXIS', by means of unlawful acts or practices, or in the alternative, award judgment for damages to compensate for such losses;

e. Order Defendant to pay Plaintiff, THE ALEXIS', attorneys' fees and costs of court.

f. Order Defendants to pay pre-judgement interest on all awards of restitution, damages civil penalties and attorney fees as provided by law.

18.5 Further, Plaintiff, THE ALEXIS', respectfully prays for all other relief to which Plaintiff, THE ALEXIS', may be justly entitled.

Respectfully submitted,

Alton Alexis
7020 Shadow Creek Court
Fort Worth, Texas 76132
(817) 798-1454
alexisal89@aol.com

CERTIFICATE OF SERVICE

I hereby certify that on this the 5th day of January, 2016, a true and correct copy of this pleading and all of its attendant Exhibits have been mailed by Certified Letter Return Receipt Requested or hand delivered to all counsel of record.



Alton Alexis

Nationstar Mortgage, LLC
Jay Bray
Chief Executive Officer and President
8950 Cypress Waters Blvd
Coppell, Texas 75019

Nationstar Mortgage, LLC
Anthony Villani
Executive Vice President, General Counsel
8950 Cypress Waters Blvd
Coppell, Texas 75019

Nationstar Mortgage, LLC
Corporation Service Company
Registered Agent
211 E. 7th Street, Suite 620
Austin, Texas 78701

Nationstar Mortgage, LLC
350 Highland Drive
Lewisville, Texas 75067

Michael John Burns on Behalf of
Nationstar Mortgage, LLC
9441 Lyndon B. Johnson Freeway, Suite 250
Dallas, Texas 75243

First Horizon National Corporation
Clyde A. Billings Jr.
Registered Agent
165 Madison Ave.
Memphis, TN 38119-7243